TOWNSHIP OF SPRINGWELLS *v.* DETROIT, YPSILANTI & ANN ARBOR RAILWAY CO.

Street Railways—Grading Highways—Franchise.

> Under a street-railway franchise providing that the track should be laid on the north side of a country highway, and in such manner as to obstruct as little as possible the free passage of vehicles "along" the said highway, and that the portion of the roadway lying adjacent to the south rail of the track should be properly dressed to the track, in order that vehicles might easily cross, the company must continue the grading of the highway upon the track wherever it is within the 16-foot driveway used by vehicles, but, where it is wholly without such driveway, it need only grade to the south rail.

*Certiorari* to Wayne; Carpenter, Hosmer, Frazer, Lillibridge, and Waite, JJ. Submitted November 22, 1899. Decided December 21, 1899.

*Mandamus* by the township of Springwells to compel the Detroit, Ypsilanti & Ann Arbor Railway Company to comply with certain provisions of its franchise. From an order granting the writ in part, relator brings *certiorar i* Affirmed.

*Hayes & Lawson* (*T. E. Tarsney*, of counsel), for relator.

*Cutcheon & Stellwagen*, for respondent.

Hooker, J. The petition of the supervisor of Spring-

wells township, in the county of Wayne, was filed in the circuit court of that county, alleging that the township board granted to the defendant a franchise for the construction and operation of a street railway through such township, upon and along a certain toll road, known as the "Chicago Road;" that its railway is now in operation, but that its condition and operation are not in compliance with said franchise—*First*, because its rails are from 5 to 19 inches above the highway; *second*, it has not built crossings at farms and highways as prescribed; *third*, it is not ballasted between the ties, and by reason thereof teams cannot cross it; *fourth*, it runs its cars less frequently than the franchise prescribes. It prays a *mandamus* requiring the defendant to put its railway in such condition as the franchise prescribes, and operate it in accordance with the requirements. The defendant answered, admitting some of the allegations of the petition, and denying others. It states that the rails are raised a little above the roadbed, and that it is necessary to the successful operation of said road. It states further that the railway is built north of the center of the highway, and contiguous to the road ditch; that the highway slopes to the south edge of the railway. It denies that the highway is not dressed up to the south line of its railway. It claims that it should not be required to ballast between ties, for the reason that the track was not built within the traveled portion of the way, and was not designed to be used as a part of the highway, and that to so use it would be dangerous. Issues were joined and sent to a jury, which found against the defendant upon all material questions. Upon the hearing the court granted the writ, but refused to compel the defendant to lower its track to a level with the roadbed, and to fill between the rails, so that the whole of the roadbed or highway upon which the track is laid can be used by the public for the purpose of traveling thereon. The relator has brought the case to this court by *certiorari*.

Paragraph 2 of the franchise provides that:

"The track of said railway shall be laid to 4 ft. 8½ in. gauge, and so as to obstruct as little as possible the free passage of vehicles *along* the said highway. When the railway herein authorized to be constructed is built, that portion of the roadway lying adjacent to the south rail of the said track shall be properly dressed to the track, so as to provide for the easy crossing of the same by vehicles. This portion of the work herein authorized to be performed shall be done to the satisfaction of the highway commissioner of Springwells township and the township board of said township."

Section 3 provides that, "so long as said highway shall remain unpaved, the tracks shall be laid on the north side of said highway."

It is apparent that, if the defendant is to fill between the rails to the level of the top of the rails, it must be done by paving or planking, to accommodate the flanges of its car wheels. This was a country road. The learned judges held that, where the railway was within the 16-foot driveway, the defendant must continue the grading of the highway upon its track, but, where it was wholly without such driveway, it should continue it to the south rail of the track. We are of the opinion that this is all that it can be asked to do, under the proofs.

The order of the circuit court is affirmed.

The other Justices concurred.